UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MITCHELL PAUL MEYER                                              PLAINTIFF

v.                                    CIVIL ACTION NO. 4:25-CV-P16-JHM

PAT DAY *et al.*                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Mitchell Paul Meyer filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss the action without prejudice.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff sues Pat Day, a public defender; Governor Andy Beshear; Hopkins County Jailer Mike Lewis; Hopkins County District Judge David Massamore; and Hopkins County Jail (HCJ). He sues each person named in their individual and official capacities.

Plaintiff states that he appeared in Hopkins County District Court before Defendant Massamore on September 11, 2024.  Plaintiff reports that he spoke on his own behalf and said that he did not feel that he was being adequately represented by his court-court appointed attorney and that the Graves Circuit Court had found that he had a conflict of interest with the Department of Public Advocacy.  Plaintiff states that Defendant Massamore cut him off and talked down to him.  Plaintiff alleges that he was held longer than the maximum penalty for his charge for a first offense of driving under the influence.  He states that Defendant Day, his public defender, "did nothing to defend me or my rights" and lied to him about the maximum penalty for his charge.

Plaintiff reports that Defendant Massamore ruled that he could be released on his own recognizance but that he remained in custody, "during which time I was tazed, pepper sprayed & placed in a restraint chair 3 times." He states, "I feel this was a direct result of me calling News Channel 44 from cell 815 on Sept. 12th 2024 & reporting what happened the day before in Mr. Massamore's courtroom." He further asserts, "I feel [Defendant] Lewis the Jailer of the Hopkins County Jail & the jail itself violated my 1st & 3rd constitutional right by tazing me, pepper spraying me, placing me in the restraint chair 3 times after being ordered to be released on my own recognizance."

Plaintiff states that on October 3, 2024, he appeared in Graves Circuit Court for a revocation hearing and was sentenced to 10 years' imprisonment. He alleges that Defendants Lewis, HCJ, Day, and Massamore "are to some degree responsible for me being committed to [Department of Corrections (DOC)] for 10 years, for I believe if I was not being detained by Hopkins County at the time of this hearing I would of stood a much greater chance of remaining on active supervision." He further asserts, "Mr. Andy B[e]shear is being named in this lawsuite because Mr. Massamore is Mr. B[e]shear's designee & it is Mr. B[e]shear's responsibility to protect me & my most basic human rights."

As relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief in the form of his "natural born citizenship right fully restored" and "the grow rights to Ky.'s medical marijuana."

Plaintiff also filed a document in which he states that he "would like to add to my statements of claims in this civil matter" (DN 6). Therein Plaintiff states as follows:

> On Sept. 11th Hopkins County did in fact offer to let me sign a bond ruling made by Judge Massamore. At said time I was waiting for the jails administration to return to me Pact C of a 1983 packet that I later used to file Civil Action No. 4:24-cv-118-JHM. After I called News Channel 44 from cell 815 & asked

multipule jail staff if I could sign my bond despite not yet being in possession of this Form C. This happened prior to me being pepper spray, tazed, & place in the restraint chair multiple time.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S.

3

42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Day

Plaintiff's allegations against Defendant Day arise out of her representation of Plaintiff as his criminal defense attorney. It is firmly established that a defense attorney, regardless of whether she is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claim against Defendant Day must be dismissed for failure to state a claim upon which relief may be granted.

### B. State defendants

### 1. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). As the governor and a district judge, respectively, Defendants Beshear and Massamore are state officials. Claims brought against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state officials or employees

4

sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims for monetary damages against Defendants Beshear and Massamore must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

### 2. *Individual-capacity claim against Defendant Beshear*

Plaintiff states that Defendant Massamore is Defendant Beshear's "designee" and "it is Mr. B[e]shear's responsibility to protect me & my most basic human rights." Plaintiff alleges no personal involvement in the alleged events by Defendant Beshear. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Moreover, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff's individual-capacity claim against Defendant Beshear must be dismissed for failure to state a claim upon which relief may be granted.

### 3. *Individual-capacity claim against Defendant Massamore*

Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*,

435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).  A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly.  *Mireles*, 502 U.S. at 11.  Judicial immunity can be overcome in only two situations—for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57.  It is evident that the actions alleged in the complaint were in the scope of the Defendant Massamore's judicial capacity and not beyond his jurisdictional authority.  As such, Plaintiff's individual-capacity claim against Defendant Massamore must be dismissed for seeking damages from a defendant who is immune from such relief.

### C.  County defendants

#### 1.  Official-capacity claim and HCJ

Plaintiff's official-capacity claim against Defendant Lewis is actually brought against his employer, Hopkins County.  *See Kentucky v. Graham*, 473 U.S. at 166.  Moreover, HCDC is not a "person" subject to suit under § 1983 because municipal or county departments, such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, Hopkins County is the proper defendant.  *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and

(3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty.*, 454 U.S. at 326) (citation omitted)).

Plaintiff does not connect any of the alleged constitutional violations to a Hopkins County policy or custom. Therefore, Plaintiff's official-capacity claim against Defendant Lewis and his claim against HCJ must be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Individual-capacity claim against Defendant Lewis*

It is evident that Plaintiff's allegations that he was tased, pepper sprayed, and placed in a restraint chair do not allege personal involvement on the part of Defendant Lewis but are based on his role as Jailer of HCJ. As stated above, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Taylor*, 69 F.3d at 80-81; *Bellamy*, 729 F.2d at 421.

As to Plaintiff's allegations that Defendant Lewis is "to some degree responsible for me being committed to DOC for 10 years, for I believe if I was not being detained by Hopkins County at the time of this hearing I would of stood a much great chance of remaining on active supervision[,]" the claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the

conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

Plaintiff has not demonstrated that his sentence in the revocation proceeding has been reversed on direct appeal or otherwise invalidated. The *Heck* doctrine therefore bars Plaintiff's claim against Defendant Lewis regarding his parole revocation and sentence.

For these reasons, Plaintiff's individual-capacity claim against Defendant Lewis will be dismissed for failure to state a claim.

### D. Injunctive relief

Plaintiff seeks injunctive relief in the form of "natural born citizenship right fully restored." While not entirely clear, the Court construes this as requesting release from incarceration. Plaintiff cannot seek release in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff also seeks injunctive relief in the form of "the grow rights to

Ky.'s medical marijuana." The Court has no authority to award such relief. Therefore, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### E.   Excessive force and retaliation claims

With regard to Plaintiff's allegations that he was tased, pepper sprayed, and placed in a restraint chair, the Court construes the allegations as excessive force claims in violation of the Eighth Amendment. Plaintiff also alleges that he was retaliated against, which the Court construes as a claim under the First Amendment.

As stated above, "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance*, 286 F.3d at 842); *see also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a *pro se* prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted). Plaintiff identifies no individuals personally involved in the alleged events giving rise to these claims. Therefore, these claims will be dismissed for failure to state a claim upon which relief may be granted.

However, the Court will dismiss these claims without prejudice and with leave to amend to for Plaintiff to identify the specific individuals and to allege how each violated his rights with regard to his allegations of excessive force and retaliation. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so **no later than <u>August 10, 2025</u>**.

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action.

Date:    July 14, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010

10